APPEAL,PSEUDO–GR,TYPE–D

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:25–cv–00286–RCL</u>
### *Internal Use Only*

DOE et al v. MCHENRY et al

Assigned to: Judge Royce C. Lamberth

Related Cases:  1:25–cv–00401–RCL

                1:25–cv–00691–RCL

                1:25–cv–00653–RCL *SEALED*

Cause: 28:1331 Fed. Question: Violation 5th & 8th Amendme

Date Filed: 01/30/2025

Jury Demand: None

Nature of Suit: 550 Prisoner Petition: Civil Rights (Other)

Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**JANE DOE**

represented by **Jennifer Levi**
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont Street
Suite 950
Boston, MA 02108
617–426–1350
Email: jlevi@glad.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Adrienne Spiegel**
ROSEN BIEN GALVAN & GRUNFELD
101 Mission Street
6th Floor
San Francisco, CA 94105
415–433–6830
Email: aspiegel@rbgg.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Whelan**
NATIONAL CENTER FOR LESBIAN RIGHTS
1401 21st St.
Ste #11548
Sacramento, CA 95811
415–365–1338
Email: awhelan@nclrights.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Benjamin Hattem**
ROSEN BIEN GALVAN & GRUNFELD,

LLP
101 Mission Street, Sixth Floor
94105
San Francisco, CA 94105
415–433–6830
Email: bhattem@rbgg.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher F. Stoll**
NATIONAL CENTER FOR LESBIAN
RIGHTS
1401 21st St.
Ste #11548
Sacramento, CA 95811
415–365–1320
Email: cstoll@nclrights.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest Galvan**
ROSEN BIEN GALVAN & GRUNFELD,
LLP
101 Mission Street, Sixth Floor
94105
San Francisco, CA 94105
415–433–6830
Fax: 415–433–7104
Email: egalvan@rbgg.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kara Jane Janssen**
ROSEN BIEN GALVAN & GRUNFELD
101 Mission Street
6th Floor
San Francisco, CA 94105
415–433–6830
Fax: 415–488–7104
Email: kjanssen@rbgg.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah K. Austin**
GLBTQ LEGAL ADVOCATES &
DEFENDERS
18 Tremont Street
Suite 950
Boston, MA 02108
617–426–1350
Email: saustin@glad.org
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Eve L. Hill**
BROWN, GOLDSTEIN & LEVY, L.L.P.
120 E. Baltimore St.
Suite 2500
Baltimore, MD 21202
410–962–1030
Fax: 410–385–0869
Email: ehill@browngold.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MARY DOE**                    represented by    **Jennifer Levi**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Adrienne Spiegel**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Whelan**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Benjamin Hattem**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher F. Stoll**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest Galvan**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kara Jane Janssen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah K. Austin**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Eve L. Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SARA DOE**                              represented by  **Jennifer Levi**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Adrienne Spiegel**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Whelan**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Benjamin Hattem**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher F. Stoll**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest Galvan**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kara Jane Janssen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah K. Austin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eve L. Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**JAMES R. MCHENRY, III**
*in his official capacity as Acting Attorney*
*General of the United States*

represented by **Alexander James Yun**
U.S. Department of Justice
1100 L St. NW
Washington, DC 20005
202–305–8645
Email: Alex.Yun@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jean Lin**
U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Room 11532
Washington, DC 20005
(202) 514–3716
Fax: (202) 616–8470
Email: jean.lin@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Brooke Layendecker**
U.S. DEPARTMENT OF JUSTICE
1100 L Street NW
Washington, DC 20005
771–217–8107
Email: elizabeth.b.layendecker@usdoj.gov
*ATTORNEY TO BE NOTICED*

**John Robinson**
U.S. DEPARTMENT OF JUSTICE
1100 L Street NW
Washington, DC 20005
202–616–8489
Email: john.j.robinson@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**WILLIAM LOTHROP**
*in his official capacity as Acting Director*
*of the Federal Bureau of Prisons*

represented by **Alexander James Yun**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jean Lin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Brooke Layendecker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Robinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/30/2025 | 1 | COMPLAINT against WILLIAM LOTHROP, JAMES R. MCHENRY III ( Filing fee $ 405 receipt number ADCDC–11444829) filed by JANE DOE, SARA DOE, MARY DOE. (Attachments: # 1 Civil Cover Sheet, # 2 Summons – James R. McHenry III, Acting AG, # 3 Summons – William Lothrop, Acting Director, Federal BOP, # 4 Summons – Edward R. Martin Jr., U.S. Attorney for DC, # 5 Motion to File Under Seal and for Protective Order, # 6 Memorandum in Support of Motion to Seal, # 7 Text of Proposed Order)(Hill, Eve) (Entered: 01/30/2025) |
| 01/30/2025 | 2 | MOTION to File Under Seal *Motion for Temporary Restraining Order and Preliminary Injunction* by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Hill, Eve) Modified event on 1/30/2025 (znmw). (Entered: 01/30/2025) |
| 01/30/2025 | 3 | MOTION for Leave to Proceed Under Pseudonyms by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Hill, Eve) Modified event on 1/30/2025 (znmw). (Entered: 01/30/2025) |
| 01/30/2025 | 4 | NOTICE *Corrected Summonses – Summons – James R. McHenry III* by JANE DOE, MARY DOE, SARA DOE re 1 Complaint,, (Attachments: # 1 Summons – William Lothrop, # 2 Summons – Edward R. Martin Jr.)(Hill, Eve) (Entered: 01/30/2025) |
| 01/30/2025 | 5 | SEALED MOTION for Temporary Restraining Order and Preliminary Injunction filed by JANE DOE, MARY DOE, SARA DOE (Attachments: # 1 Memorandum in Support, # 2 Declaration of Eve Hill, # 3 Declaration of Loren Schechter, MD, # 4 Declaration of Jane Doe, # 5 Declaration of Ivana Kuc, # 6 Declaration of Frederic M. Ettner, MD, # 7 Text of Proposed Order)(Hill, Eve) Modified docket text on 1/31/2025 (znmw). (Entered: 01/30/2025) |
| 01/30/2025 | 6 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jennifer L. Levi, Filing fee $ 100, receipt number ADCDC–11446078. Fee Status: Fee Paid. by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Declaration for Pro Hac Vice Admission, # 2 Supplemental Statement ISO Motion to Appear Pro Hac Vice, # 3 Certificate of Good Standing, # 4 Text of Proposed Order)(Hill, Eve) (Entered: 01/30/2025) |
| 01/31/2025 | 7 | ORDER: The Court ORDERS that: 1) Plaintiffs' 2 Motion to Seal and 3 Motion to Proceed Under Pseudonyms are GRANTED IN PART and DENIED IN PART; 2) All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; 3) Plaintiffs' 1 redacted Complaint shall remain on the public docket; 4) Their 5 unredacted TRO Motion shall remain under seal for now; and 5) Within five days of this Order, Plaintiffs shall file on the public docket a redacted version of their 5 Motion for a Temporary Restraining Order and Preliminary Injunction and associated documents; an unredacted version of their Complaint, filed under seal; and a |

| | | |
|---|---|---|
| | | declaration containing their real names and residential addresses, filed under seal. Signed by Chief Judge James E. Boasberg on January 31, 2025. (lcjeb3) (Entered: 01/31/2025) |
| 02/03/2025 | | Case Assigned to Judge Royce C. Lamberth. (zmtm) (Entered: 02/03/2025) |
| 02/03/2025 | 8 | SUMMONS (3) Issued Electronically as to All Defendants, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(zmtm) (Entered: 02/03/2025) |
| 02/03/2025 | 9 | ORDER: Upon consideration of the Motion 6 for Leave to Appear Pro Hac Vice, and the entire record herein, it is hereby ORDERED that the Motion is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Royce C. Lamberth on 02/03/2025. (lcrcl2) (Main Document 9 replaced on 2/3/2025) (zsmc). (Entered: 02/03/2025) |
| 02/03/2025 | 10 | NOTICE of Appearance by Jennifer Levi on behalf of JANE DOE, MARY DOE, SARA DOE (Levi, Jennifer) (Entered: 02/03/2025) |
| 02/03/2025 | | NOTICE OF HEARING: Motion Hearing set for 2/4/2025 at 10:00 AM in Courtroom 15 (In Person) before Judge Royce C. Lamberth. (smc) (Entered: 02/03/2025) |
| 02/03/2025 | 11 | Memorandum in opposition to re 5 Sealed Motion, *for Temporary Restraining Order or Preliminary Injunction* filed by JAMES R. MCHENRY, III, WILLIAM LOTHROP. (Attachments: # 1 Exhibit 1–Declaration of Rick Stover, # 2 Exhibit 2–2018 Transgender Offender Manual, # 3 Exhibit 3–2022 Transgender Offender Manual, # 4 Exhibit 4–Keohane v. Dixon Order, # 5 Text of Proposed Order)(Lin, Jean) (Entered: 02/03/2025) |
| 02/03/2025 | 12 | ENTERED IN ERROR.....SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by JAMES R. MCHENRY, III, WILLIAM LOTHROP (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Sealed declaration of Rick Stover, # 2 Text of Proposed Order)(Lin, Jean) Modified on 2/4/2025 (zdp). (Entered: 02/03/2025) |
| 02/03/2025 | 13 | MOTION for Temporary Restraining Order , MOTION for Preliminary Injunction by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Memorandum in Support, # 2 Exhibit Declaration of Eve Hill (Redacted), # 3 Exhibit Declaration of Loren Schechter (Redacted), # 4 Exhibit Declaration of Jane Doe (Redacted), # 5 Exhibit Declaration of Frederic M. Ettner, MD, # 6 Exhibit Declaration of Frederic M. Ettner, MD, # 7 Text of Proposed Order)(Hill, Eve) (Entered: 02/03/2025) |
| 02/03/2025 | 14 | NOTICE of Appearance by John Robinson on behalf of JAMES R. MCHENRY, III, WILLIAM LOTHROP (Robinson, John) (Entered: 02/03/2025) |
| 02/03/2025 | 15 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Sarah K. Austin, Filing fee $ 100, receipt number ADCDC–11453369. Fee Status: Fee Paid. by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Certification of Sarah K. Austin, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Hill, Eve) (Entered: 02/03/2025) |
| 02/04/2025 | | NOTICE of AMENDED HEARING: Motion Hearing reset for 2/4/2025 at 11:00 AM (same day, different time) in Courtroom 15 (In Person) before Judge Royce C. Lamberth. (smc) (Entered: 02/04/2025) |
| 02/04/2025 | 16 | |

| | | |
|---|---|---|
| | | SEALED DOCUMENT filed by JANE DOE, MARY DOE, SARA DOE re 1 Complaint,, (This document is SEALED and only available to authorized persons.)(Hill, Eve) (Entered: 02/04/2025) |
| 02/04/2025 | | Minute Entry for Motion Hearing held on 2/4/2025 before Judge Royce C. Lamberth: re 13 MOTION for Temporary Restraining Order and Preliminary Injunction. Oral arguments heard and TAKEN UNDER ADVISEMENT. Court Reporter: Lisa Edwards. (smc) (Entered: 02/04/2025) |
| 02/04/2025 | | NOTICE OF ERROR regarding 12 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by JAMES R. MCHENRY, III, WILLIAM LOTHROP (This document is SEALED and only available to authorized persons.). The following error(s) need correction: Invalid attorney signature– signature on document must match PACER login. Please refile. (zdp) (Entered: 02/04/2025) |
| 02/04/2025 | 17 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kara J. Janssen, Filing fee $ 100, receipt number ADCDC–11456399. Fee Status: Fee Paid. by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Declaration for PHV Admission – Kara J. Janssen, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Hill, Eve) (Entered: 02/04/2025) |
| 02/04/2025 | 18 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Adrienne Spiegel, Filing fee $ 100, receipt number ADCDC–11456420. Fee Status: Fee Paid. by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Declaration for PHV Admission – Adrienne Spiegel, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Hill, Eve) (Entered: 02/04/2025) |
| 02/04/2025 | 19 | SEALED DOCUMENT filed by JANE DOE, MARY DOE, SARA DOE re 1 Complaint,, (This document is SEALED and only available to authorized persons.)(Hill, Eve) (Entered: 02/04/2025) |
| 02/04/2025 | 20 | ERRATA by JANE DOE, MARY DOE, SARA DOE re 1 Complaint,,. (Attachments: # 1 Errata – Complaint)(Hill, Eve) (Entered: 02/04/2025) |
| 02/04/2025 | 21 | ERRATA by JANE DOE, MARY DOE, SARA DOE re 13 Motion for TRO,, Motion for Preliminary Injunction,. (Attachments: # 1 Memorandum in Support (Errata))(Hill, Eve) (Entered: 02/04/2025) |
| 02/04/2025 | 22 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Benjamin Hattem, Filing fee $ 100, receipt number ADCDC–11456563. Fee Status: Fee Paid. by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Declaration Benjamin Hattem, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Hill, Eve) (Entered: 02/04/2025) |
| 02/04/2025 | 23 | MEMORANDUM & ORDER: Upon consideration of the plaintiffs' Motion 13 for a Temporary Restraining Order, the defendants' Opposition 11 thereto, and the entire record herein, and for the reasons contained in this Memorandum and Order, it is hereby ORDERED that the Motion is GRANTED; and it is further ORDERED that the defendants are temporarily enjoined and restrained from implementing Sections 4(a) and 4(c) of Executive Order 14168 as to the plaintiffs, pending further Order of this Court; and it is further ORDERED that, pending further Order of this Court, defendants shall maintain and continue the plaintiffs' housing status and medical care as they existed immediately prior to January 20, 2025. Signed by Judge Royce C. Lamberth on 02/04/2025. (lcrcl2) (Entered: 02/04/2025) |

| 02/05/2025 | 24 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by JAMES R. MCHENRY, III, WILLIAM LOTHROP (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Declaration of Rick Stover (sealed), # 2 Text of Proposed Order)(Robinson, John) (Entered: 02/05/2025) |
|---|---|---|
| 02/05/2025 | 25 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Amy Whelan, Filing fee $ 100, receipt number ADCDC–11458891. Fee Status: Fee Paid. by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Declaration for PHV Admission – Amy Whelan, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Hill, Eve) (Entered: 02/05/2025) |
| 02/05/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 24 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by JAMES R. MCHENRY, III, WILLIAM LOTHROP (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Declaration of Rick Stover (sealed), # 2 Text of Proposed Order)(Robinson, John). <br><br> Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal. <br><br> Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 2/12/2025. (zhcn) Modified on 2/6/2025 (zhcn). (Entered: 02/06/2025) |
| 02/06/2025 | 26 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Ernest J. Galvan, Filing fee $ 100, receipt number ADCDC–11462000. Fee Status: Fee Paid. by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Declaration for PHV Admission – Ernest J. Galvan, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Hill, Eve) (Entered: 02/06/2025) |
| 02/06/2025 | 27 | ORDER: Upon consideration of the Motion 15 for Leave to Appear Pro Hac Vice, it is hereby ORDERED that the Motion is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Royce C. Lamberth on 02/06/2025. (lcrcl2) (Entered: 02/06/2025) |
| 02/06/2025 | 28 | ORDER: Upon consideration of the Motion 17 for Leave to Appear Pro Hac Vice, it is hereby ORDERED that the Motion is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Royce C. Lamberth on 02/06/2025. (lcrcl2) (Entered: 02/06/2025) |
| 02/06/2025 | 29 | ORDER: Upon consideration of the Motion 18 for Leave to Appear Pro Hac Vice, it is hereby ORDERED that the Motion is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Royce C. Lamberth on 02/06/2025. (lcrcl2) (Entered: 02/06/2025) |
| 02/06/2025 | 30 | ORDER: Upon consideration of the Motion 22 for Leave to Appear Pro Hac Vice, it is hereby ORDERED that the Motion is GRANTED. **Counsel should register for** |

| | | |
|---|---|---|
| | | **e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** <u>Click for instructions</u>. Signed by Judge Royce C. Lamberth on 02/06/2025. (lcrcl2) (Entered: 02/06/2025) |
| 02/06/2025 | <u>31</u> | ORDER: Upon consideration of the Motion <u>25</u> for Leave to Appear Pro Hac Vice, it is hereby ORDERED that the Motion is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** <u>Click for instructions</u>. Signed by Judge Royce C. Lamberth on 02/06/2025. (lcrcl2) (Entered: 02/06/2025) |
| 02/06/2025 | <u>32</u> | ORDER: Upon consideration of the Motion <u>26</u> for Leave to Appear Pro Hac Vice, it is hereby ORDERED that the Motion is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** <u>Click for instructions</u>. Signed by Judge Royce C. Lamberth on 02/06/2025. (lcrcl2) (Entered: 02/06/2025) |
| 02/06/2025 | <u>33</u> | TRANSCRIPT OF MOTION HEARING before Judge Royce C. Lamberth held on February 4, 2025; Page Numbers: 1–41. Date of Issuance: February 6, 2025. Court Reporter/Transcriber Lisa Edwards. Telephone number (202) 354–3269. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/27/2025. Redacted Transcript Deadline set for 3/9/2025. Release of Transcript Restriction set for 5/7/2025.(Edwards, Lisa) (Entered: 02/06/2025) |
| 02/07/2025 | <u>34</u> | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the District of Columbia Attorney General. Date of Service Upon District of Columbia Attorney General 2/3/2025. Answer due for ALL D.C. DEFENDANTS by 2/24/2025. (Hill, Eve) (Entered: 02/07/2025) |
| 02/07/2025 | <u>35</u> | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. WILLIAM LOTHROP served on 2/3/2025 (Hill, Eve) (Entered: 02/07/2025) |
| 02/07/2025 | <u>36</u> | NOTICE of Appearance by Sarah K. Austin on behalf of JANE DOE, MARY DOE, SARA DOE (Austin, Sarah) (Entered: 02/07/2025) |
| 02/07/2025 | <u>38</u> | NOTICE of Appearance by Amy Whelan on behalf of All Plaintiffs (Whelan, Amy) (Entered: 02/07/2025) |
| 02/07/2025 | <u>39</u> | NOTICE of Appearance by Kara Jane Janssen on behalf of All Plaintiffs (Janssen, Kara) (Entered: 02/07/2025) |
| 02/07/2025 | <u>40</u> | |

| | | NOTICE of Appearance by Ernest Galvan on behalf of All Plaintiffs (Galvan, Ernest) (Entered: 02/07/2025) |
|---|---|---|
| 02/07/2025 | 41 | NOTICE of Appearance by Adrienne Spiegel on behalf of All Plaintiffs (Spiegel, Adrienne) (Entered: 02/07/2025) |
| 02/10/2025 | 42 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Christopher F. Stoll, Filing fee $ 100, receipt number ADCDC–11467664. Fee Status: Fee Paid. by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Declaration for PHV Admission – Christopher F. Stoll, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Hill, Eve) (Entered: 02/10/2025) |
| 02/14/2025 | 43 | ORDER: Upon consideration of the Motion 42 for Leave to Appear Pro Hac Vice, it is hereby ORDERED that the Motion is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Royce C. Lamberth on 02/14/2025. (lcrcl2) (Entered: 02/14/2025) |
| 02/18/2025 | 44 | ORDER: Upon consideration of the plaintiffs' Motion 13 for a Preliminary Injunction, the Opposition 11 thereto, and the entire record herein which is essentially unchanged since the issuance of the Temporary Restraining Order 23 , and for the reasons contained in the Temporary Restraining Order, it is hereby ORDERED that the plaintiffs' Motion for a Preliminary Injunction is GRANTED; and it is further ORDERED that the defendants are hereby enjoined from implementing Sections 4(a) and 4(c) of Executive Order 14168 against plaintiffs Jane, Mary, and Sara Doe, pending further Order of this Court; and it is further ORDERED that, pending further Order of this Court, the defendants shall maintain and continue the plaintiffs' housing status and medical care as they existed immediately prior to January 20, 2025. See Order for details. Signed by Judge Royce C. Lamberth on 02/18/2025. (lcrcl2) (Entered: 02/18/2025) |
| 02/19/2025 | 45 | NOTICE of Appearance by Christopher F. Stoll on behalf of All Plaintiffs (Stoll, Christopher) (Entered: 02/19/2025) |
| 02/21/2025 | 46 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 02/07/2025. (Hill, Eve) (Entered: 02/21/2025) |
| 02/21/2025 | 47 | AMENDED COMPLAINT against All Defendants filed by JANE DOE, SARA DOE, MARY DOE.(Hill, Eve) (Entered: 02/21/2025) |
| 02/21/2025 | 48 | SEALED MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL filed by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 AMENDED COMPLAINT)(Hill, Eve) (Entered: 02/21/2025) |
| 02/21/2025 | 49 | MOTION to Proceed Under Pseudonyms by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Hill, Eve) (Entered: 02/21/2025) |
| 02/21/2025 | 50 | MOTION for Temporary Restraining Order , MOTION for Preliminary Injunction *(Expanded)* by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Memorandum of Points and Authorities ISO Motion for TRO and Expanded PI, # 2 Declaration of Eve Hill ISO Motions for TRO and PI and to Proceed Under Pseudonym and Partially Seal the Record, # 3 Text of Proposed Order)(Hill, Eve) |

| | | |
|---|---|---|
| | | (Entered: 02/21/2025) |
| 02/21/2025 | 51 | SEALED DOCUMENT filed by JANE DOE, MARY DOE, SARA DOE re 50 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction *(Expanded)* (This document is SEALED and only available to authorized persons.)(Hill, Eve) (Entered: 02/21/2025) |
| 02/23/2025 | 52 | Memorandum in opposition to re 50 Motion for TRO,, Motion for Preliminary Injunction, *(Redacted)* filed by JAMES R. MCHENRY, III, WILLIAM LOTHROP. (Attachments: # 1 Declaration of Rick Stover (redacted), # 2 Text of Proposed Order)(Robinson, John) (Entered: 02/23/2025) |
| 02/23/2025 | 53 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by JAMES R. MCHENRY, III, WILLIAM LOTHROP (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Response to Plaintiffs' Motion for TRO, # 2 Declaration of Rick Stover, # 3 Text of Proposed Order)(Robinson, John) (Entered: 02/23/2025) |
| 02/24/2025 | 54 | REPLY *in Support of Motion for Temporary Restraining Order and Preliminary Injunction* filed by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Declaration of Lauren Meade, M.D. ISO Plaintiffs' Motion for TRO and Expanded PI)(Hill, Eve) (Entered: 02/24/2025) |
| 02/24/2025 | 55 | ORDER granting 50 Motion for TRO and Preliminary Injunction; It is hereby ORDERED that the plaintiffs' Motion is GRANTED; and it is further ORDERED that the defendants are hereby enjoined from implementing Sections 4(a) and 4(c) of Executive Order 14168 against plaintiffs Jane, Mary, Sara, Emily, Zoe, Tori, Olivia, Susan, Lois, Sophia, Sally, and Wendy Doe, pending further Order of this Court; and it is further ORDERED that, pending further Order of this Court, the defendants shall maintain and continue the plaintiffs' housing status and medical care as they existed immediately prior to January 20, 2025. Signed by Judge Royce C. Lamberth on 2/24/2025. (lcrcl3) (Entered: 02/24/2025) |
| 02/24/2025 | 56 | NOTICE of Appearance by Benjamin Hattem on behalf of All Plaintiffs (Hattem, Benjamin) (Entered: 02/24/2025) |
| 02/27/2025 | 57 | ORDER granting Plaintiffs' Motion for Protective Order, ECF No. 1–5. See Order for details. Signed by Judge Royce C. Lamberth on 2/27/2025. (lcrcl3) (Entered: 02/27/2025) |
| 03/14/2025 | 58 | Consent MOTION for Leave to File 47 Amended Complaint by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Exhibit Redlined Second Amended Complaint, # 2 Exhibit Second Amended Complaint – Redacted)(Janssen, Kara) Modified event on 3/17/2025 (znmw). (Entered: 03/14/2025) |
| 03/14/2025 | 59 | SEALED DOCUMENT re 58 Motion for Leave to File filed by JANE DOE, MARY DOE, SARA DOE(This document is SEALED and only available to authorized persons.)(Janssen, Kara) Modified to add link on 3/17/2025 (znmw). (Entered: 03/14/2025) |
| 03/14/2025 | 60 | SEALED MOTION to Proceed Under Pseudonym filed by JANE DOE, MARY DOE, SARA DOE (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Janssen, Kara) (Entered: 03/14/2025) |
| 03/14/2025 | 61 | MOTION for Temporary Restraining Order by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Kara Janssen |

| | | |
|---|---|---|
| | | ISO Motions for Temporary Restraining Order & to Proceed Under Pseudonynm, # 3 Declaration of Ellen Doe, # 4 Declaration of Rachel Doe, # 5 Text of Proposed Order)(Janssen, Kara) (Entered: 03/14/2025) |
| 03/14/2025 | 62 | SEALED DOCUMENT filed by JANE DOE, MARY DOE, SARA DOE re 61 MOTION for Temporary Restraining Order (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration of Ellen Doe (Unredacted), # 2 Declaration of Rachel Doe (Unredacted))(Janssen, Kara) (Entered: 03/14/2025) |
| 03/17/2025 | 63 | RESPONSE re 61 MOTION for Temporary Restraining Order *(redacted)* filed by JAMES R. MCHENRY, III, WILLIAM LOTHROP. (Attachments: # 1 Declaration of Health Services Administrator, # 2 Declaration of Associate Warden, # 3 Text of Proposed Order)(Robinson, John) (Entered: 03/17/2025) |
| 03/17/2025 | 64 | SEALED OPPOSITION filed by JAMES R. MCHENRY, III, WILLIAM LOTHROP. re 61 Motion for TRO, (Attachments: # 1 Declaration of Health Services Administrator, # 2 Declaration of Associate Warden)(Robinson, John) (Entered: 03/17/2025) |
| 03/18/2025 | 65 | REPLY to opposition to motion re 61 MOTION for Temporary Restraining Order filed by JANE DOE, MARY DOE, SARA DOE. (Janssen, Kara) Modified docket text on 3/25/2025 (zdp). (Entered: 03/18/2025) |
| 03/18/2025 | 66 | MOTION to Convert Pending Motion for Further Temporary Restraining Order to Motion for Further Preliminary Injunction or Temporary Restraining Order by JANE DOE, MARY DOE, SARA DOE. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Janssen, Kara) (Entered: 03/18/2025) |
| 03/18/2025 | 67 | SEALED DOCUMENT filed by JANE DOE, MARY DOE, SARA DOE(This document is SEALED and only available to authorized persons.)(Janssen, Kara) (Entered: 03/18/2025) |
| 03/19/2025 | 68 | ORDER granting 58 Motion for Leave to File; granting 66 Motion to Convert/Motion for Preliminary Injunction; it is hereby ORDERED that the plaintiffs' Motion for a Preliminary Injunction is GRANTED; and it is further ORDERED that the defendants are hereby enjoined from implementing sections 4(a) and 4(c) of Executive Order 14168 with regard to Rachel Doe and Ellen Doe, pending further Order of this Court; and it is further ORDERED that the defendants shall immediately transfer plaintiffs Rachel Doe and Ellen Doe back to women's penitentiaries and reinstate or continue their gender dysphoria treatment, pending further Order of this Court. See Order for details. Signed by Judge Royce C. Lamberth on 3/19/2025. (lcrcl3) (Entered: 03/19/2025) |
| 03/31/2025 | 69 | NOTICE of Appearance by Elizabeth Brooke Layendecker on behalf of All Defendants (Layendecker, Elizabeth) (Main Document 69 replaced on 4/1/2025) (zdp). (Entered: 03/31/2025) |
| 04/01/2025 | 70 | NOTICE of Appearance by Alexander James Yun on behalf of All Defendants (Yun, Alexander) (Main Document 70 replaced on 4/1/2025) (zdp). (Entered: 04/01/2025) |
| 04/01/2025 | 71 | Consent MOTION for Extension of Time to File Answer by JAMES R. MCHENRY, III, WILLIAM LOTHROP. (Attachments: # 1 Text of Proposed Order)(Yun, Alexander) (Entered: 04/01/2025) |
| 04/02/2025 | 72 | |

NOTICE OF APPEAL TO DC CIRCUIT COURT as to 44 Order on Motion for Preliminary Injunction,,, 55 Order on Motion for TRO,,, Order on Motion for Preliminary Injunction,, 68 Order on Motion for Leave to File,,, Order on Motion for TRO,,, Order on Motion for Miscellaneous Relief,, by JAMES R. MCHENRY, III, WILLIAM LOTHROP. Fee Status: No Fee Paid. Parties have been notified. (Layendecker, Elizabeth) (Entered: 04/02/2025)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PAMELA BONDI, in her official capacity as Attorney General of the United States, *et al.*,<br><br>Defendants. | Civil Docket No. 1:25-cv-286 |

### NOTICE OF APPEAL

Defendants hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the Court's Order granting Plaintiffs' February 3, 2025, (publicly filed) Motion for Emergency Temporary Restraining Order and Preliminary Injunction (ECF No. 44), the Court's Order granting Plaintiffs' February 21, 2025, Motion for a Temporary Restraining Order and Expanded Preliminry Injunction (ECF No. 55), and the Court's Order granting Plaintiffs' Motion to Convert Pending Motion for Further Temporary Restraining Order to Motion for Further Preliminary Injunction or Temporary Restraining Order (ECF No. 68).

Dated: April 2, 2025                    Respectfully submitted,

                                        YAAKOV M. ROTH
                                        Acting Assistant Attorney General

                                        ALEX HAAS
                                        Director, Federal Programs Branch

                                        JEAN LIN
                                        Special Litigation Counsel

                                        */s/ Elizabeth B. Layendecker*
                                        ELIZABETH B. LAYENDECKER

ALEX YUN
JOHN ROBINSON
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 616-5046
Elizabeth.B.Layendecker@usdoj.gov

*Counsel for Defendants*

2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JANE DOE**, *et al.*,

     *Plaintiffs*,

**v.**                                                    **Case No. 1:25-cv-286-RCL**

**JAMES R. MCHENRY, III**, in his official
capacity as Acting Attorney General of the
United States, *et al.*,

     *Defendants.*

### ORDER

On February 4, 2025, after a hearing, this Court entered a Temporary Restraining Order [ECF No. 23] enjoining the enforcement of Sections 4(a) and 4(c) of Executive Order 14168 on Eighth Amendment grounds. In their papers submitted to the Court and at the hearing, the plaintiffs adduced facts suggesting that they would be at a substantially elevated risk of physical and sexual violence if they were transferred to a male penitentiary pursuant to the Executive Order; that the transfer itself would be likely to exacerbate the plaintiffs' diagnosed mental health conditions; and that the withholding of their prescribed hormone therapy medication would be likely to cause severe harm. Importantly, the defendants did not substantially dispute those facts. Instead, the defendants pointed to speculative action that the Bureau of Prisons might take to mitigate those harms and thus assuage the Court's Eighth Amendment concerns. Those hypothetical measures were insufficient to defeat the plaintiffs' largely uncontroverted evidence of harm.

The Temporary Restraining Order noted that the revelation of additional facts then unknown to the Court could affect the plaintiffs' likelihood of success on the merits. However,

since the issuance of the Temporary Restraining Order, the Court has received no further information about what ameliorative steps, if any, the government intends to or would take if the plaintiffs were to be transferred and deprived of their prescribed medications per the terms of the Executive Order.

Therefore, in consideration of the plaintiffs' Motion [ECF No. 13] for a Preliminary Injunction, the Opposition [ECF No. 11] thereto, and the entire record herein, which is essentially unchanged since the issuance of the Temporary Restraining Order [ECF No. 23], and for the reasons contained in the Temporary Restraining Order, it is hereby

**ORDERED** that the plaintiffs' Motion for a Preliminary Injunction is **GRANTED**; and it is further

**ORDERED** that the Defendants are hereby enjoined from implementing Sections 4(a) and 4(c) of Executive Order 14168 against plaintiffs Jane, Mary and Sara Doe, pending further Order of this Court; and it is further

**ORDERED** that, pending further Order of this Court, defendants shall maintain and continue the plaintiffs' housing status and medical care as they existed immediately prior to January 20, 2025.

Date: February 18, 2025
2:10 p.m.

Royce C. Lamberth
United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JANE DOE**, *et al.*,

     *Plaintiffs*,

**v.**                                                  Case No. 1:25-cv-286-RCL

**PAMELA BONDI**, in her official capacity as
Attorney General of the United States, *et al.*,[1]

     *Defendants*.

## <u>ORDER</u>

On February 18, 2025, this Court entered a Preliminary Injunction [ECF No. 44] enjoining

the enforcement of Sections 4(a) and 4(c) of Executive Order 14168 on Eighth Amendment

grounds against plaintiffs Jane, Mary, and Sara Doe.  On February 21, the plaintiffs filed an

Amended Complaint adding nine new plaintiffs, all of whom are transgender women incarcerated

in women's BOP facilities seeking the same relief as the original three plaintiffs.  *See* Amended

Complaint, ECF No. 47.  That same day, the plaintiffs filed a Motion for a Temporary Restraining

Order and Expanded Preliminary Injunction [ECF No. 50] ("TRO/PI Mot.") to prevent the

Government from implementing Executive Order 14168 as to all plaintiffs.   The plaintiffs

emphasized the urgency in resolving this Motion because "the additional plaintiffs . . . were

rounded up by BOP officials and informed that they would be immediately transferred to men's

prisons and would have their healthcare terminated pursuant to the Executive Order."  TRO/PI

Mot. 2.  On February 23, the Government filed an Opposition [ECF No. 50] ("Opp'n"), and the

plaintiffs filed a Reply [ECF No. 54] on February 24.

---

[1] Under Fed. R. Civ. Pr. 25(d), Attorney General Pamela Bondi is "automatically substituted as a party" as the
successor for Acting Attorney General James R. McHenry III.

The Court has reviewed the parties' filings and determines that the same reasoning from the Court's original TRO Order [ECF No. 23] still applies, with nothing in the record to compel a different outcome. At the outset, the Court sees no reason to change its legal conclusions from the original TRO Order regarding availability of judicial review or unavailability of administrative exhaustion. The Government's proffered reasons for doing so are unavailing. The Court also observes that the Government offers no new developments regarding the Medication Provision, Sec. 4(c), of the Executive Order, so the same outcome will hold.

The only new development on the record is that the Government has identified low-security men's facilities in which to house the plaintiffs, which, according to the Government, completely alleviates the plaintiffs' alleged Eighth Amendment harms regarding the Transfer Provision, Sec. 4(a), of the Executive Order. *See* Opp'n 20; *see generally* Decl. of Rick Stover, Senior Deputy Assistant Director, Designation and Sentence Computation Center, ECF No. 53-2 ("Stover Decl."). The plaintiffs urge the Court to strike the Stover Declaration or at least afford it "little weight." Reply 6.

But even considering the Stover Declaration, the Court finds that the plaintiffs are still likely to succeed on their Eighth Amendment claim regarding the Transfer Provision, as this Court concluded in granting the original TRO motion. The Stover Declaration indicates that housing reassessments were conducted to identify men's facilities in which to house each plaintiff—but the Government's filings also make clear that the *only* change in circumstances from when the initial housing determination was made to now is Executive Order 14168. Stover Decl. ¶¶ 10, 17; Opp'n 3. When the initial housing determination was made for each of the named plaintiffs, the BOP determined that considering all statutorily and constitutionally required factors, a women's facility was the appropriate facility for each named plaintiff. This was the conclusion even in a

2

landscape where ninety-nine percent of transgender women in BOP custody are housed in men's facilities. *See* Opp'n 3. Summarily removing the possibility of housing the plaintiffs in a women's facility, when that was determined to be the appropriate facility under the existing constitutional and statutory regime, demonstrates a likelihood of success on the merits of the plaintiffs' Eighth Amendment claim.[2] The Court still takes no position on the plaintiffs' equal protection, APA, or separation of powers claims. *See* TRO Order 1.

Therefore, in consideration of the plaintiffs' Motion [ECF No. 50] for a Temporary Restraining Order and Preliminary Injunction, the Opposition [ECF No. 52] thereto, the Reply [ECF No. 54], and the entire record herein, and for the reasons contained in the original Temporary Restraining Order [ECF No. 23], it is hereby

**ORDERED** that the plaintiffs' Motion for a Temporary Restraining Order and Expanded Preliminary Injunction is **GRANTED**; and it is further

**ORDERED** that the Defendants are hereby enjoined from implementing Sections 4(a) and 4(c) of Executive Order 14168 against plaintiffs Jane, Mary, Sara, Emily, Zoe, Tori, Olivia, Susan, Lois, Sophia, Sally, and Wendy Doe, pending further Order of this Court; and it is further

---

[2] The Court is also unconvinced by the Government's proffered statistics attempting to show that a low-security men's facility would be *safer* for the plaintiffs than their current housing assignment. *See* Opp'n 3, 10. The Government's statistics do not disaggregate assaults against transgender inmates from overall rates of assault. And in any event, the proffered statistics are still consistent with the "numerous government reports and regulations recognizing that transgender persons are at a significantly elevated risk of physical and sexual violence relative to other inmates when housed in a facility corresponding to their biological sex." TRO Order 5. And that is to say nothing of the other harms identified by plaintiffs, which the Government fails to address: "that placement in a male penitentiary *by itself* will exacerbate the symptoms of their gender dysphoria, *even if* they are not subject to physical or sexual violence in their new facility—whether because they will be subject to searches by male correctional officers, made to shower in the company of men, referred to as men, forced to dress as men, or simply because the mere homogenous presence of men will cause uncomfortable dissonance." *Id.*

**ORDERED** that, pending further Order of this Court, Defendants shall maintain and continue the plaintiffs' housing status and medical care as they existed immediately prior to January 20, 2025.

Date: February 24, 2025
1:51 p.m.

Royce C. Lamberth
United States District Judge

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**JANE DOE**, *et al.*,

    *Plaintiffs,*

**v.**

                               Case No. 1:25-cv-286-RCL

**PAMELA BONDI**, in her official capacity as
Attorney General of the United States, *et al.*,

    *Defendants.*

## ORDER

On February 18, 2025, this Court entered a preliminary injunction enjoining the enforcement of Sections 4(a) and 4(c) of Executive Order 14168 against a group of transgender women on Eighth Amendment grounds. *See* Preliminary Injunction, ECF No. 44; *see also Doe v. McHenry*, No. 25-cv-286-RCL, 2025 WL 388218 (D.D.C. Feb. 4, 2025) (discussing the Eighth Amendment implications of the Executive Order and granting a temporary restraining order). On February 21, the plaintiffs filed a Motion to extend that preliminary injunction to a group of additional plaintiffs, *see* ECF No. 50, which the Court granted on February 24. *See Doe v. Bondi*, No. 25-cv-286-RCL, 2025 WL 596653 (D.D.C. Feb. 24, 2025).

On March 14, 2025, the plaintiffs moved with the consent of the defendants to file a Second Amended Complaint in this dispute. *See* Consent Mot. for Leave to File, ECF No. 58. The Second Amended Complaint is substantially identical to the First Amended Complaint, except that it adds two additional plaintiffs, Rachel Doe and Ellen Doe. The new plaintiffs are in most respects similarly situated to the other plaintiffs in this suit, with one exception: while the other plaintiffs were pending transfer to a male penitentiary when the Court ruled on their motions for a

preliminary injunction, these new plaintiffs have already been transferred to male facilities. *See* Second Amended Compl. ¶¶ 45, 50, ECF No. 58-2.

The plaintiffs have now moved for a preliminary injunction to enjoin enforcement of the Executive Order against them and to have them returned to female prison facilities. Mot. for PI, ECF No. 66.[1] The Motion repeats the plaintiffs' previous arguments against the Executive Order, but adds new factual grounds for their claims which arise from the new plaintiffs' different circumstances. First, the plaintiffs allege that BOP has already halted new plaintiff Rachel Doe's hormone therapy, unlike the earlier plaintiffs who were only threatened with discontinuation of their therapy. Mot. for PI at 2. Second, the new plaintiffs allege that they have actually been subjected to sexual harassment at their new facilities. *Id.*; *see also* Decl. of Ellen Doe ¶ 8, Mot. for TRO[2] Attach. 1, ECF No. 61-3; Decl. of Rachel Doe ¶ 11–12, Mot. for TRO Attach. 2, ECF No. 61-4. Third, the new plaintiffs allege that since their transfer to a male facility they have been unable to access bras and women's underwear. Mot. for PI at 2. Fourth and finally, the new plaintiffs allege that they have been subject to strip searches by male prison officials without female officials present. *Id.* at 2. In a sealed Response, the defendants contest each of these new claims on either factual or legal grounds. ECF No. 64.

The Court need not dwell on these arguments at this time because, even supposing that the defendant is correct that each of the plaintiffs' new arguments is either factually or legally defunct, the new plaintiffs are at least as strongly situated, in terms of the merits of their Eighth Amendment claims, as the existing plaintiffs. Moreover, the fact that they have already been transferred and,

---

[1] The plaintiffs originally styled this as a motion for a temporary restraining order. *See* Mot. for TRO, ECF No. 61. Then, per the Government's suggestion and after discussion with the Court, the plaintiffs filed a motion to convert the original TRO motion into a Motion for a Preliminary Injunction. *See* Mot. to Convert, ECF No. 66. The Court therefore addresses this motion in the posture of a preliminary injunction request, rather than a TRO.

[2] The declarations are attached to Plaintiffs original motion for a TRO, rather than the converted PI Motion.

2

allegedly, have been abused at their new facilities can only strengthen their claims of irreparable harm. The final two prongs of the preliminary injunction analysis—the balance of the equities and the public interest in the injunction—are at least unchanged from the Court's previous temporary restraining order and preliminary injunction analyses, or at most have tilted further in the plaintiffs' favor. Therefore, the Court is satisfied that preliminary injunctive relief is appropriate for the two new plaintiffs, for the same reasons that it was appropriate for the existing ones.

The Court determines that it is appropriate in this case to enter a preliminary injunction, rather than a temporary restraining order. The Government has communicated its view that, should the Court decide that some form of preliminary injunctive relief is necessary, the Court should enter a preliminary injunction rather than TRO. A preliminary injunction is the better form of relief here because the factual circumstances underlying this dispute are unlikely to significantly change before a TRO would expire, and because judicial economy counsels in favor of situating the new plaintiffs similarly to their existing counterparts, rather than revisiting their specific circumstances alone in two weeks' time.

In accordance with the Prison Litigation Reform Act, the Court finds that this preliminary injunction is narrowly drawn, extends no further than necessary to correct the violation of plaintiffs' federal rights, and is the least intrusive means necessary to correct the violation of the plaintiffs' federal rights. 18 U.S.C. § 3626(a)(1). Plaintiffs have shown a substantial likelihood of success on their claims that implementation of sections 4(a) and 4(c) of the Executive Order is or will be unlawful as to them and has caused or will cause them immediate and irreparable harm. A preliminary injunction reversing and preventing the implementation of those sections as to these plaintiffs is necessary to correct the violation of their rights and is the least intrusive means to do so. Furthermore, because this preliminary injunction prevents the implementation of only those

3

sections of the Executive Order for which the plaintiffs have demonstrated a likelihood of success on the merits and immediate, irreparable harm, this order extends no further than necessary to correct the violation.

Finally, this Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by this relief, given substantial weight to such impacts, and has concluded and finds that no adverse impacts on public safety or the operation of the criminal justice system will result from reinstating and maintaining the previous status of the plaintiffs' medical care and housing while the litigation proceeds.

Therefore, upon consideration of the plaintiffs' Consent Motion for Leave to File, their Motion for a Preliminary Injunction, the opposition thereto, and the entire record herein, and for the reasons contained in this Order and in the Court's prior Orders granting TROs and preliminary injunctions in this dispute, it is hereby

**ORDERED** that the Motion for Leave to File is **GRANTED**; and it is further

**ORDERED** that the Plaintiffs' Motion for a Preliminary Injunction is **GRANTED**; and it is further

**ORDERED** that the defendants are enjoined and restrained from implementing sections 4(a) and 4(c) of Executive Order 14168 with regard to plaintiffs Rachel Doe and Ellen Doe, pending further Order of this Court; and it is further

**ORDERED** that the Defendants shall immediately transfer plaintiffs Rachel Doe and Ellen Doe back to women's penitentiaries and reinstate or continue their gender dysphoria treatment, pending further Order of this Court.

Date: March 19, 2025
12:30 p.m.

Royce C. Lamberth
United States District Judge

4