**[ARGUED SEPTEMBER 5, 2025]**

Nos. 25-5099, 25-5101, 25-5108 et al. (consol.)

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

JANE DOE, et al.; JANE JONES, et al.; MARIA MOE,

*Plaintiffs-Appellees,*

v.

PAMELA BONDI, in her official capacity as Attorney General of the United States, et al.; DONALD J. TRUMP, in his official capacity as President of the United States, et al.,

*Defendants-Appellants.*

---

Appeal from the United States District Court for the District of Columbia, Nos. 1:25-cv-00286-RCL, 1:25-cv-00401-RCL, 1:25-cv-00653-RCL
Hon. Royce C. Lamberth

---

### APPELLEES' SUPPLEMENTAL BRIEF

---

**ROSEN BIEN GALVAN & GRUNFELD LLP**
Ernest Galvan
Kara J. Janssen
Adrienne Spiegel
Ben Hattem
101 Mission Street, Sixth Floor
San Francisco, CA 94105-1738
Telephone: (415) 433-6830

**LOWENSTEIN SANDLER LLP**
Alexander Shalom
Natalie J. Kraner
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262.6700

**NATIONAL CENTER FOR LGBTQ RIGHTS**
Shannon Minter
Amy Whelan
1401 21st Street #11548
Sacramento, CA 95811
Telephone: (415) 365-1338

**GLBTQ LEGAL ADVOCATES & DEFENDERS**
Jennifer L. Levi
Sarah Austin
18 Tremont Street, Suite 950
Boston, MA 02108
Telephone: (617) 426-1350

**BROWN GOLDSTEIN & LEVY, LLP**
Eve L. Hill
120 East Baltimore Street, Suite 2500
Baltimore, MD 21202
Telephone: (410) 962-1030

*Attorneys for Plaintiffs-Appellees*

# APPELLEES' SUPPLEMENTAL BRIEF

The Court ordered supplemental briefing on two questions. First, did the district court have power to issue new preliminary injunctions in these cases under the Prison Litigation Reform Act ("PLRA")? Second, how does the answer to the first question affect this Court's appellate jurisdiction?

The answer to the first question is "yes." The district court has inherent authority to issue injunctions, and the PLRA merely limits preliminary injunctions to 90 days. At that point, a court can either make the injunction permanent or can issue a new injunction for another 90-day period where warranted. Here, the district court did the latter, issuing new preliminary injunctions for additional 90-day periods as necessary to protect Plaintiffs from irreparable harm based on the court's ongoing assessment of the evidence. And having never objected to that process or to Plaintiffs' motions for new injunctions, the Government has waived any argument to the contrary.

On the second question, the answer above confirms this Court's authority to review the currently operative injunctions. This Court has appellate jurisdiction under 28 U.S.C. § 1292(a)(1), as it would over any other preliminary injunction.

## I.   The Procedure Followed by the District Court Fully Complied with the PLRA, and Any Challenge to That Procedure Has Been Waived

The relevant provision of the PLRA states: "Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court

makes the findings required … for the entry of prospective relief and makes the order final before the expiration of the 90-day period." 18 U.S.C. § 3626(a)(2). Nothing in the PLRA precluded the district court from entering the preliminary injunctions that are the subject of this appeal.

After considering full briefing and evidence from the parties, the district court first issued preliminary injunctions in these three consolidated cases in February and March 2025. ECF 44, 55, 68 (No. 25-cv-286); ECF 28, 46 (No. 25-cv-401); ECF 62 (No. 25-cv-653). Pursuant to the PLRA, those injunctions were set to expire 90 days later. Within that time, Plaintiffs moved for new injunctions with additional supportive evidence. Shortly before the orders expired, and facing no opposition by the Government, the district court issued new preliminary injunctions in all three cases that were also set to expire within 90 days after their issuance. ECF 83 (No. 25-cv-286); ECF 69 (No. 25-cv-401); ECF 84 (No. 25-cv-653). Before these subsequent injunctions expired, Plaintiffs again moved for new injunctions, the Government again did not oppose those motions, and the district court again issued new preliminary injunctions set to expire within 90 days—the injunctions were issued on August 23 and are set to expire by November 21, 2025. ECF 89 (No. 25-cv-286); ECF 75 (No. 25-cv-401); ECF 90 (No. 25-cv-653). These latest orders are the operative injunctions and the only ones subject to this Court's review. JA1003–09.

In each of its orders, the district court considered anew (1) whether the evidence before it showed a substantial likelihood of success on Plaintiffs' claims and (2) whether the requested preliminary injunction met the requirements of § 3626(a)(2), *i.e.*, that it be narrowly drawn, extend no further than necessary to correct the harm that required preliminary relief, and be the least intrusive means necessary to correct that harm. *E.g.*, JA955–56. The Government appealed each of the preliminary injunctions when issued, the appeals were consolidated by this Court, and the parties submitted supplements to the joint appendix containing the new injunctive orders. *See, e.g.*, Unopposed Motion to Consolidate, No. 25-5099 (Aug. 26, 2025) at 4–5; Order Granting Unopposed Motion to Consolidate, No. 25-5099 (Sept. 3, 2025) at 1.

Every Court of Appeals that has reached the issue has universally held that district courts can issue new preliminary injunctions on or before the expiration of prior ones. Specifically, the Seventh, Ninth, and Tenth Circuits have all concluded that § 3626(a)(2) permits district courts to enter new preliminary injunctions—as the district court did in this case—upon the 90-day expiration of previously entered injunctions. *Mayweathers v. Newland*, 258 F.3d 930, 936 (9th Cir. 2001); *Monroe v. Bowman*, 122 F.4th 688, 697 (7th Cir. 2024); *Alloway v. Hodge*, 72 F. App'x 812, 817 (10th Cir. 2003). As the Ninth Circuit has explained, "[n]othing in the statute limits the number of times a court may enter preliminary relief."

*Mayweathers*, 258 F.3d at 936. The 90-day expiration date instead "simply imposes a burden on plaintiffs to continue to prove that preliminary relief is warranted." *Id.*

*Georgia Advocacy Office v. Jackson*, 4 F.4th 1200 (11th Cir. 2021), *vacated*, 33 F.4th 1325 (11th Cir. 2022) is not to the contrary. The district court in *Georgia Advocacy Office* issued a single preliminary injunction nearly two years before the Eleventh Circuit's disposition of the appeal. *Id.* at 1204–05. The Eleventh Circuit held that a preliminary injunction issued under § 3626(a)(2) expires by operation of law after 90 days unless the district court "makes the order final," 18 U.S.C. § 3626(a)(2), by "enter[ing] a final order imposing a permanent injunction." *Ga. Advoc. Off.*, 4 F.4th at 1212. Because the district court had not made the findings necessary to convert the preliminary order into a permanent injunction before it expired, the Eleventh Circuit held that the preliminary injunction had expired and was no longer in effect. *See id.* at 1215.

The Eleventh Circuit's now-vacated opinion in *Georgia Advocacy Office* is consistent with the rulings below. As with the single preliminary injunction entered in *Georgia Advocacy Office*, the preliminary injunctions that the district court issued in these cases in February and March 2025 expired after 90 days because the court did not "make[] the order[s] final" by converting them into permanent injunctions. *See id.* at 1211–12. Immediately before those orders

expired, however, and unlike in *Georgia Advocacy Office*, the district court entered new preliminary injunctions for additional 90-day periods and made the findings for preliminary relief required by § 3626(a)(2). *E.g.*, JA1007.

*Georgia Advocacy Office* says nothing about whether a district court can issue a new preliminary injunction for a new 90-day period following the expiration of its previous order. *Georgia Advocacy Office* only addresses whether a particular preliminary injunction expires after 90 days if the district court does not "make[] the order final" under the terms of § 3626(a)(2) by converting the order into a permanent injunction. *See Ga. Advoc. Off.*, 4 F.4th at 1211–12.

*Georgia Advocacy Office* did not depart from the analysis of *Mayweathers*, *Monroe*, and *Alloway*. Moreover, other Eleventh Circuit decisions have cited with approval the Ninth Circuit's holding in *Mayweathers* "that § 3626(a)(2) permits a district court to 'enter [a] second injunction after the first one expire[s].'" *United States v. Sec'y, Fla. Dep't of Corrs.*, 778 F.3d 1223, 1228 n.9 (11th Cir. 2015) (alterations in original) (quoting *Mayweathers*, 258 F.3d at 936); *see also Melendez v. Sec'y, Fla. Dep't of Corrs.*, No. 22-10306, 2022 WL 1124753, at *8–9, *21 (11th Cir. Apr. 15, 2022) (finding appeal from first preliminary injunction moot after expiration under § 3626(a)(2) but affirming second preliminary injunction on the merits); *cf. Voice of the Experienced v. LeBlanc*, No. 25-30322, 2025 WL 2481382, at *4 (5th Cir. Aug. 28, 2025) (dismissing appeal from expired

preliminary injunction as moot but noting availability of further "preliminary relief" on remand).

Courts "should not construe a statute to displace courts' traditional equitable authority absent the 'clearest command'" from Congress. *Miller v. French*, 530 U.S. 327, 340 (2000) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 705 (1979)). As every Court of Appeals in the last two decades has concluded, district courts can issue new preliminary injunctions in prison cases when those orders are otherwise supported, and nothing in the text of the PLRA commands otherwise. *See* 18 U.S.C. § 3626(a)(2).

Finally, the Government has waived any argument about the 90-day provision of § 3626(a)(2). *See Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 203 (2022). The claim that the district court's new injunctions violate the 90-day provision was "neither pressed nor passed upon below." *Animal Legal Def. Fund, Inc. v. Espy*, 23 F.3d 496, 499 (D.C. Cir. 1994). The Government did not oppose the new preliminary injunctions on this or any other ground. *See, e.g.*, JA1006. And the Government never raised this argument in its appellate briefing. *See NetworkIP, LLC v. F.C.C.*, 548 F.3d 116, 128 n.10 (D.C. Cir. 2008); *United States v. Kim*, 23 F.3d 513, 515 n.1 (D.C. Cir. 1994).

**II.    This Issue Does Not Affect the Court's Jurisdiction**

The answer to the question addressed above confirms this Court's

jurisdiction. The Court has appellate jurisdiction because the operative preliminary injunctions comply with the 90-day requirement of § 3626(a)(2) and remain in effect. As explained above, each of the currently operative injunctions was issued on August 23 for the 90-day period ending November 21, 2025. *See* JA1003–09. Every Court of Appeals to consider the question has concluded that district courts can enter new preliminary injunctions for 90-day periods consistent with § 3626(a)(2), as the district court did here. *See Mayweathers*, 258 F.3d at 936; *Monroe*, 122 F.4th at 697; *Alloway*, 72 F. App'x at 817. Nothing in the text of § 3626(a)(2) prohibits the district court's procedure in this case. *See* 18 U.S.C. § 3626(a)(2). This Court has jurisdiction under 28 U.S.C. § 1292(a)(1) and should affirm the operative preliminary injunctions.

DATED: September 24, 2025          Respectfully submitted,

GLBTQ LEGAL ADVOCATES & DEFENDERS
NATIONAL CENTER FOR LGBTQ RIGHTS
BROWN GOLDSTEIN & LEVY LLP
LOWENSTEIN SANDLER LLP
ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Ben Hattem*
     Ben Hattem

Attorneys for Plaintiffs-Appellees

## CERTIFICATE OF COMPLIANCE PURSUANT TO
## FED. R. APP. 32(a)(7)(C)

Pursuant to Fed. R. App. P. 32 (a)(7)(C), I certify that the attached brief is proportionally spaced, has a typeface of 14 points and contains 1,557 words.

DATED: September 24, 2025          Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Ben Hattem*
    Ben Hattem

Attorneys for Plaintiffs-Appellees